UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. TORRES, ) <br>       Plaintiff, ) <br>          v. ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br>       Defendant. ) | NO. EDCV 07-33 AGR <br><br> MEMORANDUM OPINION AND ORDER |

      Frank E. Torres filed this action on January 12, 2007. On March 15, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on March 21, 2007, and March 22, 2007. On July 24, 2007, the parties filed a Joint Stipulation that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this opinion.

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On October 25, and August 22, 2003, Torres filed applications for disability insurance benefits and supplemental security income benefits. A.R. 11. The Commissioner initially denied the applications. *Id.* Torres requested a hearing. *Id.* The Administrative Law Judge ("ALJ") conducted a hearing on July 19, 2005, at which Torres and his mother testified; and a supplemental hearing on March 6, 2006, at which a vocational expert testified. A.R. 433-466, 426-432. On June 24, 2006, the ALJ issued a decision denying benefits. A.R. 11-16. On July 31, 2006, Torres filed a request for review of the ALJ's decision. A.R. 8. On November 30, 2006, the Appeals Council denied the request for review. A.R. 5-7. This lawsuit followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Pertinent Legal Standards

### 1. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

### 2. Step Two[1] - Severe Medically Determinable Impairments

At Step Two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908. "[T]he impairment must be one that

///

///

---

[1] "Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citation omitted).

'significantly limits your physical or mental ability to do basic work activities.'"[2] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted). At Step Two, the Commissioner does not consider age, education, and work experience. 20 C.F.R. § 404.1520(c). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Yuckert*, 482 U.S. at 140. "If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied." *Id.* at 141.

The Ninth Circuit has held that "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step Two is "a de minimis screening device [used] to dispose of groundless claims" and the ALJ's finding must be "clearly established by medical evidence." *Id.* at 687 (citations and internal quotations omitted). "[T]he ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen*, 80 F.3d at 1290 (citations omitted). The ALJ is also "required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Id.* (citations omitted).

///

---

[2] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 141 (internal quotations omitted); *Smolen v. Chater*, 80 F.3d at 1273, 1290 (9th Cir. 1996).

4

## B. The ALJ's Findings

The ALJ found that Torres had two severe impairments: impaired visual acuity and Hepatitis C. A.R. 13. He found that Torres had the residual functional capacity to perform a medium range of work, including the ability to lift or carry 25 pounds frequently and 50 pounds occasionally; out of an 8-hour workday, Torres can sit, stand, or walk for 6 hours each. *Id.* The ALJ found that Torres could perform past relevant work as a forklift driver as actually and generally performed. A.R. 16.

The ALJ found that Torres did not have a severe psychiatric impairment. *Id.* On the other hand, the ALJ found that Torres complained of various symptoms, among which were auditory hallucinations and outbursts of anger. A.R. 14. The ALJ determined that Torres' medically determinable impairments could "reasonably" be expected to produce these symptoms. *Id.*

The ALJ noted that Torres had been treated at the County of San Bernardino Department of Behavioral Health ("SBDBH") for a "schizophrenic disorder, paranoid type." A.R. 15. The ALJ found that Torres had "generally" been seen by a licensed clinical social worker at SBDBH, but saw Dr. Villar, a psychiatrist, "for medication." *Id.* The ALJ relied on Torres's "mental status examination" by Dr. William Lawrence,[3] who found that Torres was "alert and fully oriented," that his thinking was "clear and goal directed," that his speech was "clear, fluent, and spontaneous," that his grooming was "good," that his affect was "full, appropriate, depressed, and nervous," that his mood was "'bad,'" that Torres "denied suicidal/homicidal ideation," that his cooperation was "good and intelligence normal," that his cognition and memory were "intact," that his insight
///

---

[3] Dr. Lawrence wrote notes into the Parole Automation Tracking System. A.R. 379-414. These notes are authored by different people on different dates. A.R. 379-93.

5

was "good" and judgment "fair," and that Torres "reported that he no longer was experiencing hallucinations." *Id.* (citing A.R. 380).

The ALJ also relied on two psychiatric consultative examinations by Dr. Linda Smith, who reported that if Torres stopped abusing drugs, he would "be able to sustained simple, repetitive tasks." A.R. 15. Dr. Smith found no evidence of a psychiatric disorder. *Id.* She "opined that the claimant would not be impaired in his ability to work if he abstained from substances." *Id.*

### C. Consideration of Treating Medical Records

The ALJ noted that "[t]he claimant has been treated by the County of San Bernardino Department of Behavioral Health." A.R. 15. The ALJ mentioned only that Torres saw Dr. Villar. *Id.*

Torres argues, and the Commissioner does not dispute, that the ALJ did not mention or discuss the opinion of a treating psychiatrist, Dr. Nguyen. *See* A.R. 15, 368-369. On April 7, 2005, Dr. Han Nguyen reported that he had seen Torres. A.R. 368-69. Nguyen reported that Torres had attempted suicide three times, that he made poor eye contact, that he was withdrawn, that his speech was rapid, that his mood/affect was depressed and anxious, that he had auditory hallucinations, and that he had paranoid/persecutory delusions. *Id.* Nguyen diagnosed Torres as schizophrenic, paranoid type, as well as polysubstance abuse. *Id.* 369. Finally, Nguyen assigned Torres a GAF score of 48.[4] *Id.*

Torres also argues, and the Commissioner does not dispute, that the ALJ did not mention or discuss the opinion of another treating psychiatrist, Dr. Prepetit, and a treating physician, Dr. Mittal. A.R. 15, 415-416. On July 11, 2005, Dr. Prepetit found that Torres was unable to work due to a chronic mental condition. A.R. 415. On July 7, 2005, Dr. Mittal found that Torres was unable to

---

[4] A GAF score of 48 indicates the individual has a "serious impairment in social, occupational, or school functioning." *Ackerman Papp v. Commissioner of Social Security*, 2008 WL 314684, *7 (W.D. Mich. 2008).

6

work due to a chronic physical condition. A.R. 416. The Commissioner argues that the opinions of Dr. Prepetit and Dr. Mittal may be discounted because they consist of check-the-box forms. However, a district court is constrained to review the reasons that the ALJ asserts for his or her decision. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

On remand, the ALJ should address the treating medical records under the governing legal standards. "[T]he Social Security Administration favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citation omitted). If a treating doctor's opinion "is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions." *Id.* In rejecting a treating physician's medical records, the ALJ need not recite any particular "incantation" or phrase. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). However, the ALJ must satisfy his burden by "'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Id.* at 751 (citation omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation omitted). In addition, on remand, the ALJ should clarify which medically determinable impairments could reasonably be expected to produce the alleged symptoms of auditory hallucinations and outbursts of anger. A.R. 14.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for proceedings consistent with this opinion and order.

1    IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: February 21, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge